The document below is hereby signed.

Signed: March 15, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CLIFFORD JOSEPH WISE, | ) | Case No. 18-00753 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN

This dismissed case has not been closed. The debtor's motion to reopen filed on March 11, 2019, will be treated as a motion to vacate the order dismissing the case.

The motion was filed 31 days after the case was dismissed on February 8, 2019, and will thus be treated as pursued under Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9024). The motion fails to set forth any facts that show that it has been filed within a reasonable period of time (as required by Fed. R. Civ. P. 60(c)(1)) after entry of the order of dismissal.

Moreover, regardless of whether the debtor might adduce facts showing that he filed the motion within a reasonable period of time, the motion fails to set forth adequate grounds under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b) warranting

setting aside the order dismissing the case. The debtor failed to oppose the amended motion to dismiss that led to dismissal of the case, thus failing to explain why he had not filed or produced certain required documents and had not appeared at the meeting of creditors. There was no error in the court's granting the motion to dismiss.

Rules 60(b)(3) (dealing with fraud) and 60(b)(4) (dealing with void judgments) plainly have no applicability here. Nor does the debtor's motion show that relief is available under any of the remaining paragraphs of Rule 60(b).

To the extent that the debtor seeks relief under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," such relief must be denied. There are no allegations showing mistake, inadvertence, or surprise. Nor does the debtor suggest that there was excusable neglect justifying relief from the dismissal order. Whether neglect is excusable is an equitable determination, taking into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The debtor offers no excuse

for failing to oppose the motion to dismiss and, even if the debtor showed excusable neglect in failing to oppose the motion to dismiss, he has offered no excuse for his failure to appear at the meeting of creditors.[1]  His silence in offering no such excuses demonstrates that his failure to oppose the motion to dismiss and his failure to appear at the meeting of creditors were both matters entirely within his control, and fails to demonstrate good faith.  Those failures, if excused, with the dismissal order vacated, would obviously have resulted in a disruption of the administration of the case, and could prejudice creditors who have assumed this case was dismissed and acted accordingly.

As to Rule 60(b)(2), there is no allegation of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" as required for Rule 60(b)(2) to apply.  Whatever evidence exists as to why the debtor failed to appear at the meeting of creditors is surely evidence of which the debtor was aware when the motion to dismiss was filed, and he offers no evidence showing that his failure to appear at the meeting of creditors was excusable.

The debtor can not rely on Rule 60(b)(5), permitting relief

---

[1]  The debtor does offer an explanation for his failure to file or produce certain documents, but I need not address whether such failure was excusable under Rule 60(b)(1).

from an order when "applying it prospectively is no longer equitable." Under Rule 60(b)(5), an order may be modified "only to the extent that it has 'prospective application.'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). For an order to have "prospective application," it must be "executory or involve[ ] the supervision of changing conduct or conditions." *Id.* at 1139 (internal quotation marks omitted). The dismissal order here unconditionally dismissed the case and put no continuing obligations on the parties, and "it is difficult to see how an unconditional dismissal could ever have prospective application within the meaning of Rule 60(b)(5)." *Id.*

It would be inappropriate to allow the debtor to obtain Rule 60(b)(6) relief, which, as is well established, requires a showing of "extraordinary circumstances" justifying vacating a final order. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The debtor has not shown extraordinary circumstances warranting Rule 60(b)(6) relief. Moreover, the debtor provides no excuse for having failed to file an opposition to the trustee's motion to dismiss, and provides no excuse for having failed to attend the meeting of creditors. In that light, Rule 60(b)(6) relief is unwarranted. *See Salazar v. District of Columbia*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (emphasizing that "Rule 60(b)(6) should only be sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turned out to be

improvident") (internal citations and quotation marks omitted). As noted in *In re Ballone*, No. 10-20294-PRW, 2015 WL 515241, at *3 (Bankr. W.D.N.Y. Feb. 5, 2015), Rule 60(b)(6):

> is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Laws v. Croft*, No. 05-CV-6402CJS, 2009 U.S. Dist. LEXIS 7647, at *3 (W.D.N.Y. Jan. 29, 2009) (Siragusa, J.) (citing *Deweerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994)); *see also In re BDC 56 LLC*, 330 F.3d 111, 116, 123 (2d Cir. 2003) (citing the "extraordinary circumstances" standard), abrogated on other grounds by *In re Zarnel*, 619 F.3d 156 (2d Cir. 2010); *Emergency Beacon Corp. v. Barr*, 666 F.2d 754, 759 (2d Cir.1981) (same). "In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament; that is, the movant was almost unable to take any steps that would have prevented the judgment from which relief is sought." 12 Moore's Federal Practice §§ 60.48[3][b] (Matthew Bender 3d ed.2014). "A party who did not act diligently to protect his or her own interests ordinarily is not entitled to relief under Rule 60(b)(6)." 12 Moore's Federal Practice §§ 60.48[3][d] (Matthew Bender 3d ed.2014).

The debtor's own inaction brought about his current predicament and caused the court to enter a final order dismissing his case, and "Rule 60(b)(6) FRCP cannot now be used to rescue [the debtor] from the consequences of [his] inaction." *Id.* (quoting *In re Trine*, No. BR 13-21520, 2015 WL 236617, at *3 (Bankr. W.D.N.Y. Jan. 16, 2015)).

The debtor contends that he now has income with which to make a Chapter 13 plan workable. Regardless of whether that might in some cases make Rule 60(b) relief appropriate, *see In re Smallwood*, 592 B.R. 178 (Bankr. S.D. Ohio 2017), a debtor is not

5

entitled to fail to comply with his obligations to appear at the meeting of creditors and to file or produce certain documents and then, only after the case has been dismissed pursuant to an unopposed motion to dismiss based on those defaults, seek to put the case back on track based on changed financial circumstances. It is thus

ORDERED that the debtor's motion to reopen (Dkt. No. 40 as supplemented by Dkt. No. 41), treated as a motion to vacate the order dismissing the case, is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Chapter 13 Trustee.